### JOHN BUCKNER v. THE STATE.

#### No. 3246. Decided October 25, 1905.

##### Local Option—Charge of Court—Loan—Subterfuge.

See opinion for facts to suggest that the transaction of loaning money on whisky was merely a subterfuge to evade the law, and authorized a charge on this subject.

Appeal from the County Court of Delta. Tried below before Hon. Ewing Boyd.

Appeal from a conviction of violating the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Stell & Hatcher,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law, and appeals. The facts show that J. W. Thurman testified that about April 10, 1905, he was in Cooper: "Defendant approached me and wanted to borrow $5. I did not have that amount. I only had $1.95, with which I intended to order whisky. My family was sick, and I had to order some whisky for them. Defendant told me he had a half gallon of whisky which he would lend me. I told him, all right, and he let me have the whisky. I let him have the $1.95 I had. Defendant paid me back 50 cents of this money sometime afterwards. He paid it back before the complaint was made in this case. He said when he paid it, that he would pay me the balance in a short time. I never did pay him back the whisky. I told him at the time I would pay it back as soon as I could order it; but I never paid it, because I heard so much about the local option law I was afraid I might get into it someway myself. I wanted to understand it first. I did not offer to buy whisky from defendant, and did not buy any from him. I expected to return the whisky I had borrowed. Defendant still owes me $1.45 of the money. He got the whisky and I got the money." On cross-examination, he stated: "I did not intend to buy the whisky of defendant; I just borrowed it as I stated. Defendant has frequently borrowed money of me, 50 cents and a $1. He always paid me back. Yes, I loaned him $5

once and he paid it back. I did not mean any of the $1.95 to go for whisky. There was no time set for me to pay the whisky back. I just told him I would order some and pay him back." This is all the testimony introduced on the trial. The court, among other things, charged the jury, as follows: "However, if you believe from the evidence that the transaction testified to by witness Thurman was not a bona fide loan of whisky by defendant to witness to be returned in kind by witness, or if you believe that the transaction was merely a subterfuge to evade the law, to conceal an unlawful transaction, then you will find the defendant guilty." This charge was excepted to by defendant. We think there was enough in the testimony to suggest this charge. There being no error in the record, the judgment is affirmed.

*Affirmed.*